**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GARY E. PEEL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIVIL NO. 11-CV-660-WDS |
| | )    CRIMINAL NO. 06-CR-30049-WDS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**ORDER**

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside, or correct sentence (Doc. 1), filed pursuant to 28 U.S.C. § 2255. Also before the Court is petitioner's motion to disqualify the undersigned district court judge from this cause of action (Doc. 3).

**BACKGROUND**

On March 23, 2007, petitioner was found guilty by jury verdict on four counts: bankruptcy fraud in violation of 18 U.S.C. § 152(6); obstruction of justice in violation of 18 U.S.C. § 1512(c)(2); and two counts of activities relating to child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On November 19, 2007, petitioner was sentenced to 144 months imprisonment, 3 years supervised release, and was ordered to pay a fine of $1,000 and a special assessment of $400 ($100 on each of the four counts).

Petitioner filed a notice of appeal on December 4, 2007. In this appeal, petitioner raised the following six issues: (1) double jeopardy prohibited him from being charged with both bankruptcy fraud and obstruction of justice, as obstruction is a lesser included offense of fraud; (2) the government failed to prove beyond a reasonable doubt that petitioner had committed

bankruptcy fraud and/or obstruction of justice; (3) because the law in 1974 (when the photographs in question were taken) stated that 16 was then the age of majority, the individual in the pictures in petitioner's possession was not a "child" for child pornography purposes; (4) the government failed to prove that petitioner knew that the individual in the photos was under the age of 18 at the time the photos were taken; (5) the sentencing was flawed in that the marital settlement owed to his ex-wife was not calculated at present value; and (6) the sentencing Court utilized § 2G2.2(b)(3)(A) of the sentencing guidelines to enhance petitioner's sentence because it found that petitioner had utilized the photos for "pecuniary gain."

The Seventh Circuit dismissed petitioner's claims 2, 3, 4, and 6. *United States v. Peel*, 595 F.3d 763 (7th Cir. 2010). The Circuit found, however, that claims 1 and 5 had merit, reversing and remanding on those claims so that the district court could choose to dismiss either the bankruptcy conviction or the obstruction conviction, redetermine the sentencing guideline range, re-sentence petitioner, and also giving the district court discretion as to whether it would choose to recalculate the martial settlement at present value. *Id*. at 774.

The case was remanded to the district court, which conducted re-sentencing on August 1, 2011. On that date, the Court dismissed Count 2 for obstruction of justice from petitioner's record, and re-sentenced him to 144 months imprisonment, 3 years supervised release, and ordered him to pay a fine of $1,000, and a special assessment of $300. This sentence deviated from the original sentence by $100 in special assessment, reflecting the dropping of one of the four original convictions (*See* Case No. 06-CR-30049, Docs. 227, 228). Petitioner filed a notice of appeal regarding this new sentence on August 2, 2011 (Case No. 06-CR-30049, Doc. 230). On September 2, 2011, the Seventh Circuit appointed his appellate attorney to represent

2

petitioner during the second appeal (Case No. 06-CR-30049, Doc. 235).

In a separate action, defendant filed, on the date he was resentenced, his *pro se* motion pursuant to 28 U.S.C. § 2255 (Doc. 1). On the same date, petitioner also filed with this Court a motion to disqualify the undersigned judge from this proceeding (Doc. 3).

## **LEGAL STANDARD**

"The well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending." *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *see also United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979) ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction.") The Seventh Circuit has reasoned that:

> there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances. A motion under Section 2255 is an extraordinary remedy and not a substitute for a direct appeal. Moreover, determination of the direct appeal may render collateral attack unnecessary.

*Davis*, 604 F.2d at 484-85; *see also Robinson*, 8 F.3d at 405 ("The rationale for the rule is a sound one: the disposition of the appeal may render the § 2255 motion moot." (internal quotations and citation omitted)). Whether extraordinary circumstances exist "depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources," and is left to the district court's discretion. *Davis*, 604 F.2d at 485.

## **ANALYSIS**

Petitioner raises seven (7) grounds for relief in his motion pursuant to 28 U.S.C. § 2255, each based upon purported ineffective assistance of trial counsel (Doc. 2). Petitioner fails to set forth any extraordinary circumstances which would require this Court to entertain any of the

3

claims contained in his § 2255 motion while his direct appeal is pending. Furthermore, "[s]ection 2255 motions, involving ineffective assistance of counsel claims, are subject to the same general rule as all other § 2255 motions; they are not to be entertained by the district court unless extraordinary circumstances are present." *Robinson*, 8 F.3d at 406.

Petitioner claims that his § 2255 motion should be considered at this time because all of the issues raised in this motion are based on ineffective assistance of counsel relating to guilt and innocence factors, which have already been resolved by the Court of Appeals, and any appeal now pending, relating to sentencing or re-sentencing issues, are not raised in the § 2255 motion (Doc. 2). Petitioner asserts that the issues before the district court pursuant to his § 2255 motion are separate from the sentencing or re-sentencing issues before the appellate court on direct appeal and, therefore, "there is no risk that the trial court's efforts on the § 2255 [m]otion would be rendered a nullity" (Doc. 2). Petitioner argues that should this Court rule in his favor on his § 2255 motion, it "would eliminate and nullify the need for the Appellate Court to waste its efforts on the re-sentencing issue" (Doc. 2).

The fact that actions by this Court may "eliminate" or "nullify" the Appellate Court's efforts weighs against the interests of conservation of judicial economy. The fact is that petitioner has filed a direct appeal, which is currently proceeding before the Seventh Circuit Court of Appeals, and petitioner has provided this Court with no extraordinary reason to upset the ordinary course of proceedings and the general rule precluding the district court from entertaining the § 2255 motion while the direct appeal is pending.

## CONCLUSION

Petitioner's motion does not present extraordinary circumstances which would require

4

the Court to consider the motion during the pendency of petitioner's direct appeal, and therefore the general rule is fully applicable here. Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITHOUT PREJUDICE** as premature. The Court is not making a merits determination at this point on petitioner's motion filed pursuant to 28 U.S.C. § 2255, but merely dismissing the case as premature.

Once petitioner's appeal has been fully adjudicated, petitioner may file a new motion pursuant to § 2255, which will be considered his "first" such motion, and will <u>not</u> be considered a second or successive petition. Petitioner may, at that time, file any appropriate motions, including a motion to disqualify the district judge, should he so desire. In light of the dismissal of petitioner's § 2255 motion, the Court will, at this time, **DISMISS** petitioner's motion for disqualification (Doc. 3) as not ripe for consideration or determination.

**IT IS SO ORDERED.**

**DATE:  December 7, 2011**

　　　　　　　　　　　　　　　　　　　　**/s/  WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**